**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-60996
Summary Calendar

BBG PROPERTIES, INC.,

Plaintiff-Appellant,

versus

BONNARD EATON and STATE FARM INSURANCE COMPANIES,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 1:06-CV-320

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alleging wrongful refusal to pay on a fire insurance policy, BBG Proper-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ties, Inc. ("BBG"), sued State Farm Fire and Casualty Company ("State Farm")[1] and its agent, Bonnard Eaton, in state court for, *inter alia*, negligent procurement of an insurance policy, intentional malfeasance, gross negligence, and fraudulent misrepresentation. Asserting fraudulent joinder of Eaton to defeat diversity of citizenship, State Farm removed to federal district court, which denied BBG's motion to remand and dismissed Eaton as a defendant.

The district court then granted State Farm's motion to dismiss. The court observed that there was no policy of insurance in effect at the time of the fire; that BBG was on notice that there was no policy in effect; and that Eaton was unequivocal in refusing to re-insure the property until certain improvements were made to it. The court also stated that BBG had not stated its fraud claim with sufficient particularity under Federal Rule of Civil Procedure 9(b).

The district court correctly opined that "the plaintiff's claims are, therefore, in direct conflict with the uncontested facts." Most importantly, as has been pointed out again and again, there was no policy in effect on the date of the fire, after plaintiff had been fully advised of that fact and had not effected renewal of the policy. (There is also evidence that a representative of BBG unsuccessfully tried to obtain coverage elsewhere after begin told that the property was not in a condition to be re-insured without improvements.)

There is no basis for liability on State Farm or Eaton. Federal diversity jurisdiction is conferred by the fact of Eaton's fraudulent joinder, and the district court did not err in dismissing this action in its entirely. The judgment of dismissal is AFFIRMED.

---

[1] The complaint named "State Farm Insurance Companies," which does not exist. the real party is State Farm Fire and Casualty Company.